

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 29, 1957

Hon. Joe Tunnell, County Attorney    Opinion No. WW-110
Van Zandt County
Canton, Texas        Re: Whether the property acquired and
           owned by the Sabine River Authority
           for the purpose of constructing
           the Iron Bridge Lake is exempt from
Dear Mr. Tunnell:        taxation. And related questions.

Your letter requesting our opinion in reference to the captioned matter reads, in part, as follows:

"The Tax Assessor-Collector of Van Zandt County, Texas has propounded to this office the following questions for a legal opinion:

"(1). Is property acquired and owned by the Sabine River Authority for the purpose of constructing what is called the Iron Bridge Lake exempt from taxation?

"(2). If the property is purchased by such Authority after January 1, 1957, is the property subject to taxation for the whole of 1957 or for only that portion of the year not owned by the Authority? In other words if the Sabine River Authority acquired a given tract of land on April 1, 1957, would the prior owner, the owner as of January 1, 1957, be liable to pay taxes on said tract for the entire year 1957 or for only the three months which he owned it?"

The Sabine River Authority is a political subdivision of the State. Lower Colorado River Authority v. Chemical Bank and Trust Company, 190 S.W.2d 48.

Article VIII, Section 2 of the Texas Constitution grants to the Legislature the authority to exempt from taxation public property used for public purposes. Section 4 of Article 7150, Vernon's Civil Statutes, provides that all property, whether real or personal, belonging exclusively to this State or any political subdivision thereof is exempt from taxation. Section 9 of Article XI of the Texas Constitution provides that property devoted exclusively to the use and benefit of the public shall be exempt from taxation.

As the Sabine River Authority is a political subdivision of the State and the property is devoted to public use, it is exempt from taxation. Lower Colorado River Authority v. Chemical Bank and Trust Company, supra.

Article 7151, V.C.S., provides, in part:

"All property shall be listed for taxation between January 1 and April 30 of each year, when required by the assessor, with reference to the quantity held or owned on the first day of January in the year for which the property is required to be listed or rendered. ..."

Article 7272, V.C.S. provides:

"All real and personal property held or owned by any person in this State shall be liable for all State and County taxes due by the owner thereof including tax on real estate, personal property and poll tax; and the Tax Collector shall levy on any personal or real property to be found in his county to satisfy all delinquent taxes, any law to the contrary notwithstanding: . . ."

By virtue of the provisions of these statutes the ownership of property on the 1st day of January creates personal liability on the part of the then owner for taxes for that year, and the sale thereof shortly afterwards does not affect the rule. Humble Oil & Refining Company v. State (Civ.App.), 3 S.W.2d 559; Caswell & Co. v. Habberzettle (Civ.App.), 87 S.W. 911; Winters v. Independent School District (Civ.App.), 208 S.W.574; Childress County v. State(Sup.Ct.), 92 S.W.2d 1011; Cranfill Bros. Oil Co. v. State (Civ.App.), 54 S.W.2d 813 (error refused); Gerlach Mercantile Co. v. State (Civ.App.), 10 S.W.2d 1035 (error ref.).

You are therefore advised that the owner of the property on January 1st is liable for the taxes levied for the whole of the year.

## SUMMARY

Property acquired and owned by the Sabine River Authority for the purpose of constructing Iron Bridge Lake is exempt from taxation.

The owner of the property on January 1st is liable for the taxes levied against the property for the whole year notwithstanding that the property was acquired by the Sabine River

Authority, a tax exempt political subdivision
of the State, on April 1st of that year.

Yours very truly,

WILL WILSON
Attorney General

By W. V. Geppert

W. V. Geppert
Assistant

WVG:gs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

Edwin P. Horner

William R. Hemphill

Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Ge. P. Blackburn